UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

WILLIAM GUTIERREZ,
    Plaintiff,

  -vs-

CITY OF CHICAGO, a municipal corporation,
and SGT. EDDIE RAMIREZ.

                                                     **JURY DEMANDED**
    Defendants.

**COMPLAINT**

NOW COMES the Plaintiff WILLIAM GUTIERREZ by his attorney, Gregory X. Gorman, and complains against the Defendants City of Chicago, a municipal corporation and Sgt. Eddie Ramirez, as follows:

**JURISDICTION AND VENUE**

1. This action arises under the Civil Rights Act of 1871, 42 U.S.C. Sec. 1983, as amended ("Section 1983"); 42 U.S.C. Sec. 1985; and 42 U.S.C. Section 1988. 2. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

2 This action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. Section 1391 (b), as Defendants are located in this judicial district, the Plaintiff resides in this judicial district, and the claims arose in this

1

district.

3. Plaintiff William Gutierrez was at all times relevant herein, a resident of the United States, the State of Illinois, the County of Cook, and the City of Chicago, and is entitled to all the rights, privileges and immunities guaranteed to residents of the United States under the Constitution and Laws of the United States, including the right to be free from unlawful and unreasonable search and seizure of his person, house, papers and effects under the Fourth Amendment to the United States Constitution.

4. The Plaintiff's right to freedom of speech and the right to petition the government for a redress of grievances are protected by The First Amendment.

5. Defendant Sgt. Eddie Ramirez was, at the time of Plaintiff's unlawful search and seizures and violation of his right of freedom of speech and to petition the government for grievances, as described herein after duly appointed and acting as a police officer employed by Defendant City of Chicago, a municipal corporation.

6. Defendant City of Chicago is a municipal corporation, and is also a necessary party to this lawsuit under 745 ILCS 10/9-102.

## FACTS COMMON TO ALL CAUSES OF ACTION

7. On August 25, 2014, and at all times material herein, the City of Chicago employed Defendant Sgt. Ramirez as a Chicago police officer and provided him with an official badge and credentials, which designated and described him as an officer of the Defendant City of Chicago.

8. On August 25, 2014, between about 9:00 - 10:00 p.m. Mr. Gutierrez was home alone at his home on South Exchange Avenue in Chicago, when he observed from the inside of his house that there was some kind of commotion going on outside his house, with many police cars flashing their blue lights.

9. Mr. Gutierrez came out of his house onto the front porch to see what was going on. He was then immediately shoved up against his porch railing, handcuffed by at least two unidentified Chicago police officers, and asked by one of those officers where "the gun" was. Mr. Gutierrez did not know what was going on at this point. He advised the police officer that he did not have or own a gun. The handcuffs were tightly applied so as to cause pain and bruising. Mr. Gutierrez complained about the pain from the cuffs, but his complaints were ignored.

10. This police operation was led by Defendant Sgt. Eddie Ramirez . Ramirez came on the scene just after Gutierrez was handcuffed and being led to a squad car for interrogation. Ramirez took custody of Gutierrez and brought him, in handcuffs, to a squad car for interrogation. Another officer who was present at

the scene knew Mr. Gutierrez as a volunteer for the area Chicago Alternative Policing Act ("CAPS") squad and told this to Sgt. Ramirez. Ramirez answered that he didn't care who he was. While he was interrogating Gutierrez in the squad car he directed Mr. Gutierrez to sign a consent from the search of his home. Gutierrez advised Ramirez that he did not consent to the search of his home and would not sign the written consent.

Sgt. Ramirez then told Gutierrez that the police were going to take him to jail, break down the door without his consent and find "the gun".

11. Gutierrez, who lives alone, became concerned about the door being broken down in the middle of the night while he was in jail and was worried that after the police left anybody in the neighborhood could enter his home and take whatever they wanted. Ramirez insisted that unless Gutierrez signed a written consent he would be taken to jail, his door knocked down and his home forcibly entered. Finally, under duress, with his hand still cuffed behind his back, Gutierrez signed the release and the officers conducted a thorough search of his home based on the so-called "consent". No gun was found, of course, because Gutierrez did not own or possess one. He was detained with cuffs for a half hour in the squad car. Than later brought into his house for an hour while still cuffed, while the police, under Ramirez's direction, executed their illegal search of Gutierrez home. In the course of the illegal search the police broke down Gutierrez's garage door and stole two valuable watches which Gutierrez had

4

been given by his mother prior to her death. The officers under Sgt. Hernandez's command destroyed the door and stole the watches, deprivng Gutierrez of his property without due process of law. Eventually, Gutierrez's handcuffs were removed, he was released from arrest in his own home, and Sgt. Hernandez's officers left, having found no evidence of a gun or any other illegal property. No charges were filed against Gutierrez.

12. At the time of his illegal arrest, Gutierrez had been a longtime (more than ten years) volunteer with CAPS. Specifically, at this time Gutierrez' duties with CAPS was with its Court Advocates section, serving as the Chairperson of the District Advisory Committee, acting , essentially, as a court watcher. His duties in this position were to attend court sessions and making monthly reports to the Court Advocates section as to his observations.

13. On May 27, 2016, Mr. Gutierrez, through his attorney Gregory X. Gorman, wrote a letter, exercising his First Amendment right to petition the government for redress of grievances, to CPD Superintendent Eddie Johnson, describing his August 25, 2014 ordeal as described above, and asking that Sgt. Ramirez be transferred out of the 4th Police District.

14. On June 9, 2016 Plaintiff's attorney Gorman received a letter from Commander Robert Klimas, Director of the CPD's Bureau of Internal Affairs, advising Gorman that the letter to Superintendent Johnson was forwarded to Klimas and that an investigation had been opened.

15. On June 21, 2016 Mr. Gutierrez went to the CAPS meeting at the Fourth District auditorium where he was scheduled to give a report of court cases he had been observing in his capacity as a court watcher. Upon arrival liaison Police Officer Ramone Zephelda advised Mr. Gutierrez that Defendant Sgt. Ramirez had informed him that Mr. Gutierrez was no longer allowed to be involved as a Chairman in CAPS. Mr. Gutierrez was therefore asked to leave the premises, which he did without incident.

16. No reason was given for Mr. Gutierrez' expulsion from CAPS Chairmanship and it appears to be nothing less than retaliation for making a complaint against Sgt. Ramirez.

17. On June 23, 2016 Gorman wrote a letter to Commander Klimas complaining of this retaliation and requested that the investigation of Mr. Gutierrez complaint and investigation expanded to include this incident.

18. Gorman never received a response to his request that the investigation include the retaliation, however, on June 28, 2016, 004th District Commander Noel Sanchez asked Mr. Gutierrez to resign from his position as Chair of the 004th District Court Advisory Committee.

19. Defendants' conduct toward Plaintiff was outrageous, malicious, willful and wanton, and conducted with a design to oppress and injure the Plaintiff and deprived him of his constitutional rights.

20. The Defendants have a duty to uphold the U.S. Constitution, the laws of the

6

United States and the laws and Constitution of the State of Illinois.

## COUNT I

### ILLEGAL SEARCH AND SEIZURE   CLAIM UNDER SECTION 1983 AGAINST DEFENDANT RAMIREZ

21.   Paragraphs 1-16 are  realleged the same as though fully pleaded herein.

22.   The acts of Defendant Ramirez,  acting within the scope of his employment with the City of Chicago,  in keeping Plaintiff under arrest, and searching his person and his home without lawful consent violated Plaintiff's rights under the Fourth Amendment to the United States Constitution to be secure in his person, house, papers and effects against unreasonable searches and seizures and 42 U.S.C. Sec. 1983.

23.   Defendants' conduct constituted a wilful violation of 42 U. S. C. Sec. 1983.

24.   As a proximate result of the actions alleged herein, Plaintiff has suffered damages and irreparable injury.

## COUNT II

### VIOLATION OF PLAINTIFF'S FIRST AMENDMENT RIGHTS AND RETALIATION -SECTION 1983 vs. CITY OF CHICAGO

25.     Paragraphs 1 through 20 are realleged the same as though fully pleaded herein.

26.   Plaintiff has a Firrst Amendment right to exercise his right of free speech, unabridged, and to petition the police for a redress of his grievances.

27. Plaintiff's (through counsel) letter of May 27, 2016 was a lawful exercise of his right of free speech and to petition the government for redress of grievances.

28. In violation of his right to unabridged free exercise of his speech and to petition the Government for redress of grievances Defendant City of Chicago retaliated against Plaintiff by banning him from his chairmanship with CAPS.

29. Defendants' conduct constitutes a willful violation of 42 U.S.C. Sec. 1983.

30. As a proximate result of the actions alleged herein, Plaintiffs has suffered damages and irreparable injury.

### COUNT III
### WRONGFUL DETENTION AND IMPRISONMENT
### IN VIOLATION OF SECTION 1983
### AGAINST DEFENDANT RAMIREZ

31. Paragraphs 1 through 26 are realleged the same as though fully pleaded herein.

32. Defendant Ramirez detained and imprisoned Plaintiff falsely, wrongfully, and without reasonable suspicion or probable cause.

33. Defendant deprived Plaintiff of his liberty without due process of law, in violation of the Fourteenth Amendment and 42 U.S.C. Sec.1983.

34. Defendant's conduct constitutes a willful violation of 42 U.S.C. Sec. 1983.

35. As a proximate result of the actions alleged herein, Plaintiff has suffered damages and irreparable injury.

36. As a proximate result of the willful and wanton actions alleged herein, Plaintiff has suffered damages and irreparable injury.

## COUNT IV
### 745 ILCS § 10/9-1021 CLAIM
### AGAINST DEFENDANT CITY OF CHICAGO

37. Paragraphs 1-32 are realleged the same as though fully pleaded herein.

38. Defendant City of Chicago was the employer of Defendant Ramirez at all times relevant to this complaint.

39. Defendant Ramirez committed the acts alleged above and below in the scope of his employment with the Defendant City of Chicago.

40. Plaintiff, pursuant to 745 ILCS § 10/9-102, demands judgment against the Defendant City of Chicago in the amount equal to the amount awarded to both him against the individual Defendants as damages, attorneys' fees, costs and interest, and/or for any settlement entered into between the Plaintiff and Defendants, and for whatever additional relief this court deems equitable and just.

WHEREFORE, Plaintiff prays for the following relief:

a. Trial by jury on the issues raised in his Complaint;

b. Damages to Plaintiff in an amount to be decided by jury;

c. The costs and disbursements of this action, including reasonable attorney's fees pursuant to the Civil Rights Attorneys Fee Award Act of 1976, 42 USC

Section 1988 and any other attorney fee statutes; and

d. Such other relief as the Court deems just and proper.

\\ Gregory X. Gorman\\
Attorney for Plaintiff

GREGORY X. GORMAN ,
220 S. Halsted Street
Suite 200
Chicago, IL 60661
#312-332-4240

10